# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 14-CR-0076-CVE |
| GARY DEAN HIME, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Hime's Unopposed Motion for Extension of Deadlines (Dkt. # 12).[1] Defendant Gary Dean Hime is charged with distribution of child pornography (count one) and possession of child pornography (count two). Defendant made his initial appearance on May 13, 2014 and the federal public defender was appointed to represent him. Dkt. # 4. The Court entered a scheduling order setting a motions deadline of May 27, 2014, and the jury trial was set for June 16, 2014. Dkt. # 8. Defendant was arraigned on May 20, 2014 and he appeared with retained counsel, James Huber. Dkt. # 10. Huber has entered an appearance on behalf of defendant.[2] Dkt. # 11. Huber states that he has not received discovery from the government, and he needs additional time to review the discovery materials and meet with defendant. Dkt. # 12. He also states that he will be "indisposed" from May 26 to June 2, 2014. Id. Huber states that he needs more time to

---

[1] Although defendant nominally requests an extension of the motions deadline, his requested extension would affect all deadlines in the scheduling order and his motion will be treated as a request to continue all deadlines, including the jury trial.

[2] Defendant's motion states that he is represented by Huber and Mark Collier, but Collier has not entered an appearance in this case. Collier must file an entry of appearance if he intends to represent defendant.

review the discovery materials and prepare for trial, and he requests an extension of all deadlines in the scheduling order. The government does not oppose defendant's motion for a continuance and defendant executed a speedy trial waiver (Dkt. # 13).

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight

2

to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion for a continuance and finds that it should be granted. Huber entered an appearance on May 20, 2014 and the motions deadline is May 27, 2014, but he has not yet received discovery from the government. Huber also states that he will be "indisposed" from May 26 to June 2, 2014. If convicted on count one, defendant faces a statutory mandatory minimum sentence of 5 years and a possible maximum sentence of 20 years. Under the circumstances, it would not be fair to the defendant to require him to go to trial on June 16, 2014, when his attorney has not had sufficient time to prepare for trial. The government does not object to the defendant's motion for a continuance and defendant has executed a speedy trial waiver. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant Hime's Unopposed Motion for Extension of Deadlines (Dkt. # 12) is **granted**, and the pretrial set for June 10, 2014 and the jury trial set for June 16, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 16, 2014 |
| Responses due: | June 30, 2014 |
| PT/CP/Motions Hearing: | **July 11, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | July 21, 2014 |
| Jury Trial: | **July 28, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between June 16, 2014 and July 28, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 23rd day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE