**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CR-0076-CVE** |
| | ) | |
| **GARY DEAN HIME,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Hime's Second Unopposed Motion for Extension of Deadlines (Dkt. # 17). Defendant Gary Dean Hime is charged with distribution of child pornography (count one) and possession of child pornography (count two). Dkt. # 2. Defendant had previously filed an unopposed motion for extension of deadlines (Dkt. # 12). The Court granted that motion and entered a scheduling order setting a motions deadline of June 16, 2014, and the jury trial was set for July 28, 2014. Dkt. # 16. Defense counsel states that defendant suffered a heart attack on June 2, 2014, that defendant was hospitalized for several days, and that defendant has been unable to assist with his defense because of his physical condition. Dkt. # 17, at 1. Additionally, defense counsel states that he "did not receive a copy of the Application and Affidavit for Search Warrant from the Government until June 5, 2014, and has not had an opportunity to review it with [defendant]." Dkt. 17, at 2. The government does not oppose defendant's motion for a continuance and defendant executed a speedy trial waiver. Id. at 1; Dkt. # 18.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's second motion for a continuance and finds that it should be granted. Due to his heart attack on June 2, 2014, defendant has been unable to assist in his defense. Further, because of that heart attack, defendant has been unable to review with defense counsel the application and affidavit for search warrant. If convicted of count one, defendant faces a statutory mandatory minimum sentence of 5 years and a possible maximum sentence of 20 years.

Under the circumstances, the current schedule would be unfair to defendant. The government does not object to the defendant's motion for a continuance and defendant has executed a speedy trial waiver. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant Hime's Second Unopposed Motion for Extension of Deadlines (Dkt. # 17) is **granted**, and the pretrial set for July 11, 2014 and the jury trial set for July 28, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 27, 2014 |
| Responses due: | July 11, 2014 |
| PT/CP/Motions Hearing: | **July 29, 2014 at 1:00 p.m.** |
| Voir dire, jury instructions, and trial briefs due: | August 11, 2014 |
| Jury Trial: | **August 18, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between July 28, 2014 and August 18, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 16th day of June, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE